## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BAYER HEALTHCARE, LLC, )
)
                    Plaintiff, )
) CIVIL ACTION
v. )
) No. 08-2556-KHV
)
NORBROOK LABORATORIES, LTD )
and NORBROOK, INC. USAK, )
et al., )
                    Defendants. )
_____)

### ORDER

On November 6, 2008, Bayer Healthcare, LLC filed this action asserting patent infringement against Norbrook Laboratories, LTD, et. al. ("Norbrook") in violation of 35 U.S.C. § 271(c). See Complaint (Doc. #1) at 4. On November 7, 2008, Bayer filed a virtually identical action against Norbrook in the United States District Court for the Eastern District of Wisconsin, the location of Norbrook's certified agent. This matter comes before the Court on Plaintiff's Unopposed Motion To Transfer Venue To The Eastern District Of Wisconsin Pursuant To 28 U.S.C. 1404(a) (Doc. #18) filed December 12, 2008.

The plaintiff requests this case be transferred to the United States District Court for the Eastern District of Wisconsin. Defendants do not object.

### Analysis

The inquiry on a motion to transfer requires a two-step analysis. 28 U.S.C. § 1404(a). The court must first determine whether the action to be transferred is one that might have been brought originally in the transferee court. Id. Second, the court must determine whether transfer is proper under the statute. Id. Bayer argues that this matter should be transferred because: (1) there is no

dispute as to personal jurisdiction and venue in the Eastern District of Wisconsin; (2) the two actions are identical; and (3) Norbrook has already filed an answer and counterclaims in the Eastern District of Wisconsin. See Plaintiff's Unopposed Motion To Transfer Venue To The Eastern District Of Wisconsin Pursuant To 28 U.S.C. 1404(a) (Doc. #18) filed December 12, 2008 at 2.

## I.  Venue in Transferee District

Under 28 U.S.C. § 1391(b), venue is proper in a judicial district where any defendant resides, if all defendants reside in the same state.  Further, a defendant that is a corporation is deemed to reside in any judicial district in which the corporation is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. § 1391(c).  A foreign corporation consents to be sued in the state and federal courts of a particular state when the corporation designates an agent for service of process in that state.  Mississippi Pub. Corp. v. Murphree, 326 U.S. 438, 443, 66 S.Ct. 242, 245 (U.S. 1946).

Norbrook, a corporation organized under the laws of Northern Ireland, is the only named defendant in plaintiff's two complaints.  In addition, Norbrook's registered agent, Whyte Hirschboeck Dudek S.C., is located in Milwaukee, Wisconsin.  Therefore, because Norbrook is a foreign corporation with a registered agent in the Eastern District of Wisconsin, Norbrook is subject to personal jurisdiction in that district and venue is proper.

## II.  Convenience Factors

A motion to transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based

-2-

Case 2:09-cv-00108-RTR    Filed 02/02/09    Page 2 of 4    Document 23

upon a case-by-case review of convenience and fairness. Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.1991). The court should consider the following factors in determining whether to transfer a case:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id.

After comparing Bayer's complaint in this district with its complaint in the Eastern District of Wisconsin, the Court is satisfied that there are no substantial differences in the two actions.[1] At this point, the Court has little evidence from which to evaluate the factors under the 1404(a). Wisconsin appears to be a more convenient location for at least some of Norbrook's witnesses, due to the location of its registered agent. Moreover, plaintiff's motion to transfer is unopposed. Ordinarily, the court will grant motions if no timely opposition is filed. See Wayman v. Accor North America, Inc., 486 F.Supp.2d 1280, 1283 (D. Kan. 2007) (citing D. Kan. Rule 7.4).[2] Further,

---

[1] The only difference in Bayer's two complaints is additional language found in paragraph eleven from the complaint filed in the Eastern District of Wisconsin:

> Moreover, Norbrook Laboratories Limited has appointed an agent in this District, Whyte Hirschboeck Dudek S.C., 55 East Wells Street, Suite 1900, Milwaukee, WI 53202-3819 ("Whyte Hirschboeck"), to receive service of process related to this dispute. Whyte Hirschboeck, in Milwaukee, Wisconsin, also prepared the patent opinion letter accompanying the Notice Letter, referred to in paragraph 21, which provides the basis for this civil action.

[2] D. Kan. Rule 7.4 provides in part: "If a respondent fails to file a response within the
(continued...)

transferring this matter promotes judicial economy and serves other practical considerations given that a nearly identical matter is already pending in the transferee court.

**IT IS THEREFORE ORDERED** that Plaintiff's Unopposed Motion To Transfer Venue To The Eastern District Of Wisconsin Pursuant To 28 U.S.C. 1404(a) (Doc. #18) filed December 12, 2008, be and hereby is **GRANTED**. Pursuant to 28 U.S.C. § 1404(a), the Clerk shall transfer the file of this case to the United States District Court for the Eastern District of Wisconsin.

Dated this 2nd day of February, 2009 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

²(...continued)
time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."